UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSICA CATANESI and ROBERT CATANESI, a married couple;<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMANDED** |

COME NOW the above-named Plaintiffs, by and through their attorneys of record, Matthew J. Wurdeman, and Hollie M. Connelly of Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

## I.   PARTIES

1.　　Defendant is the UNITED STATES OF AMERICA ("United States"). Among other things, Defendant United States provides medical services to both military personnel and civilians through its employees, agents, and ostensible agents at Madigan Army Medical Center ("MAMC") in Pierce County, Washington.

COMPLAINT - 1 of 6

2. Plaintiffs JESSICA CATANESI and ROBERT CATANESI are a married couple. Ms. Catanesi is a devoted mother of two and a dedicated wife. Sgt. Robert Catanesi is committed to his family and county both as a committed father, husband, and active-duty A none commissioned officer. Through its negligence, Defendant United States caused serious and permanent injury to Plaintiff Jessica Catanesi – permitting an agent of Madigan Army Medical Center to sexually assault Ms. Catanesi while she was seeking medical treatment. As a result of these injuries, Jessica and Robert Catanesi have incurred and will continue to incur substantial general and special damages.

## II.   JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because the negligent acts and omissions giving rise to this claim occurred in Pierce County, Washington, within the Western District of Washington.

## III.   STATEMENT OF FACTS

5. On or about October 16, 2019, Plaintiff Jessica Catanesi was admitted to Madigan Army Medical Center (MAMC) due to severe abdominal pain, upon evaluation, MAMC doctor's recommended an ultrasound be performed.

6. Plaintiff Jessica Catanesi was taken back to the ultrasound room. MAMC did not have anyone else in the room with her and the ultrasound technician, despite signs stating there must be three people present when an ultrasound is conducted.

7. Instead, Plaintiff Jessica Catanesi was alone in the room with the ultrasound technician. The MAMC employee proceeded to make inappropriate comments about Mrs. Catanesi's body as he put gel on Mrs. Catanesi's abdomen, telling her that her body was

beautiful and sexy, and that her sex appeal was making him sweaty.

8. The MAMC ultrasound technician then began inappropriately touching her, moving his hands up to Mrs. Catanesi's breasts. He then tried touching Mrs. Catanesi's vagina, and ultimately tried to forcefully have intercourse with her.

9. Plaintiff Jessica Catanesi had to push the ultrasound technician off of her before she could leave the room. He repeatedly attempted to get Ms. Catanesi to take pain medication.

10. The MAMC ultrasound technician tried to keep Mrs. Catanesi silent by telling her that this job was his life, and he had a wife and child.

11. Plaintiff Jessica Catanesi immediately filed a complaint with the head nurse, doctors, and administrative staff. She wrote a statement and left MAMC without ever seeing the photos.

12. The next day, Plaintiff Jessica Catanesi followed up on her complaint and was informed that no report had been filed the previous evening. Mrs. Catanesi then filed a report with the victim advocate for 2-2 SBCT, Robert Catanesi's brigade.

13. It has come to light that between 50-100 other women came forward, stating that a similar event happened to them.

14. Before, during, and after this procedure, the physicians and staff at MAMC fell below the applicable standard of care and were negligent in their care and treatment of Plaintiff Jessica Catanesi.

15. Due to the negligence of MAMC's employees, agents, and ostensible agents, Jessica Catanesi was sexually assaulted, harassed, and subjected to severe mental anguish.

16. Due to the negligence of MAMC's employees, agents, and ostensible agents,

1   Jessica Catanesi has suffered and will continue to suffer severe emotional distress.

2       17.    Due to the negligence of MAMC's employees, agents, and ostensible agents, Jessica and Robert Catanesi have incurred and will continue to incur significant general and special damages, including lost wages, medical and other expenses, pain and suffering, loss of consortium, etc.

### IV.  ADMINISTRATIVE EXHAUSTION

18.    Plaintiffs filed their administrative claimS for damages with the Department of the Army on May 11, 2021, and they have fully cooperated with the Army's investigation since that time.

19.    More than six months has elapsed since the filing of the claim, and no final disposition of the claim has been made by the Department of the Army.

20.    Thus, Plaintiffs have satisfied any prerequisites to the maintenance of this suit imposed by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq*.

### V.  FIRST CAUSE OF ACTION – NEGLIGENCE

21.    This is a straightforward case of negligence.

22.    Defendant United States of America owed a duty of care to Plaintiff Jessica Catanesi.

23.    Defendant United States of America breached that duty when its employees, agents, and ostensible agents at MAMC violated the standard of care in their treatment of Plaintiff Jessica Catanesi —as set forth herein, and in other respects as well.

24.    As a direct and proximate result of these violations of the standard of care, Plaintiff Jessica Catanesi suffered serious, permanent, and debilitating injuries.

25.    As a direct and proximate result of the violations of the standard of care and

failures described above, Plaintiff Jessica Catanesi has required and will continue to require extensive medical care and treatment.

26. As a direct and proximate result of the violations of the standard of care and failures described above, Plaintiff Jessica Catanesi has experienced and will continue to experience pain and suffering, disability, and loss of enjoyment of life. She has incurred and will continue to incur significant medical expenses. She has incurred and will continue to incur substantial general and special damages.

27. As a direct and proximate result of the violations of the standard of care and failures described above, Jessica Catanesi's husband, Robert Catanesi, has suffered loss of consortium and damage to his relationships with his wife. He has incurred and will continue to incur substantial general and special damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests a judgment against Defendant United States of America:

(a) Awarding them general and special damages in an amount to be proven at trial;

(b) Awarding them reasonable attorneys' fees and costs;

(c) Awarding them any and all applicable interest on the judgment; and

(d) Awarding them such other and further relief as the Court deems just and proper.

//
//
//
//

COMPLAINT - 5 of 6

1     DATED this 12th day of November, 2021.

                                CONNELLY LAW OFFICES, PLLC

                                By _____
                                Matthew J. Wurdeman, WSBA No. 49940
                                Hollie M. Connelly, WSBA No. 55668
                                2301 North 30th Street
                                Tacoma, WA 98403
                                Phone: (253) 593-5100
                                E-mail: mwurdeman@connelly-law.com
                                E-mail: hconnelly@connelly-law.com
                                *Attorneys for Plaintiffs*